[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Frederick F. Ward, II, an attorney at law, has brought this action against defendant Judyth Hein, a former client. He seeks payment for legal services rendered to her in connection with a marital dissolution action. He claims a balance due in the amount of $11,688.61.
Defendant has denied that she owes money to the plaintiff. Additionally, in her answer to the complaint she seeks damages from the plaintiff in the amount of $41,000 to cover fees necessary to readdress issues the plaintiff failed to deal with at the trial of the dissolution action. She claims he exhibited gross negligence, charged fees grossly in excess of fees he stated he would charge, and changed billing practices immediately at the termination of his partnership.
A trial to the court was held on May 21, 1996. After hearing the evidence the court finds the following:
The defendant became a client of the law firm of Ward and Sevarino on October 15, 1991 in regard to a dissolution action. The defendant agreed to pay the law firm at an hourly rate of $175.00, plus costs of suit. On October 18, 1991 she paid a retainer of $2,500 (Plaintiff's Ex. 1) and continued to pay the hourly rate for quite some time. The dissolution action was hotly contested, mostly because of a dispute over child custody. The trial itself took place over a period of four days.
The court finds that the plaintiff was and is entitled to be paid at the rate of $175.00 per hour plus costs of suit. This was specifically agreed to by the defendant. Unfortunately, however, it is impossible to determine (from plaintiffs Exhibit 3 consisting of eleven pages) as to what plaintiff's actual billable hours were or what his costs were. There are no billable hours or costs listed for the time period between February 28, 1992 and June 16, 1993, and the court cannot speculate as to what his hours or costs were during that period. Exhibit #3 as presented to the court shows billable hours to be 121.005. Thus, he is at least entitled to $21,175.87 for his billable hours. (121.005 X $175.00). In addition, Exhibit #3 indicates plaintiff's disbursements to be $378.24, and he is entitled to payment for those as well. Thus, according to CT Page 4332-Z Exhibit #3 plaintiff is entitled to $21,175.87 for his billable hours and $378.24 for his provable disbursements for a total of $21,554.11. Admittedly, defendant has paid $16,004.79. Thus she still owes $5,549.32.
The defendant in her answer to the complaint has refused to pay whatever is due because she claims that the plaintiff was grossly negligent in the handling of her dissolution action. Furthermore, she seeks payment from the plaintiff. She claims that the plaintiff was negligent in a number of ways and that such negligence has caused her to pay further legal fees in order to address some of the issues.
Specifically, she claims that at the dissolution trial plaintiff should have addressed the issue of the child's name. The court finds that plaintiff's reason for not addressing the issue of the child's name, was considered and discussed by the plaintiff with the defendant, and that it was decided appropriately not to bring that issue up at trial. Defendant claims that plaintiff was negligent in his handling of the distribution of personal property. The court disagrees. The issue of distribution of the personal property was handled by Attorney Lynne Ustach at the request of the trial judge.
In regard to the issue of custody, defendant claims that plaintiff was negligent in that he failed to give certain information to Dr. Robson, the psychologist who performed a custody study. The court finds that Dr. Robson was well aware of all the claims made by the defendant in regard to her husband and was questioned about them by the plaintiff at the dissolution trial.
Defendant claims that the plaintiff was negligent in that he did not seek sole custody of the child on her behalf. However, she specifically agreed to joint custody with primary residence with herself. Defendant claims that she has been forced to pay additional legal fees in order to enforce some of the orders made at trial. The court does not believe that the plaintiff can be held responsible for what has occurred post-judgment. In summary, the court finds that the defendant has failed to prove that the plaintiff's billing procedure was unreasonable, or that he was negligent in the handling of the dissolution case.
Accordingly, judgment may enter for the plaintiff on his complaint in the amount of $5,549.32, and for the plaintiff on the defendant's counterclaim, plus costs.
Frances Allen, J. State Judge Referee CT Page 4332-AA
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 4332-FF